Anthony Williams
Sumter C.I.
DC#I50147
9544 Country Rd 476B
Bushnell, FL 33513

Original

AO 241 (Rev. 09/17)

5:21-CV-310JLB PRL

**PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF**
**HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

| United States District Court | District: Middle |
|---|---|

| Name (under which you were convicted): ANTHONY WILLIAMS | Docket or Case No.: |
|---|---|

| Place of Confinement : Sumter Correctional Institution | Prisoner No.: DC# I50147 |
|---|---|

| Petitioner (include the name under which you were convicted) ANTHONY WILLIAMS | Respondent (authorized person having custody of petitioner) SUMTER C.I., Warden Colon |
|---|---|

v.

The Attorney General of the State of: Florida

**PETITION**

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:

    17th Judicial Circuit Court In Broward County

    (b) Criminal docket or case number (if you know):  17-74CF10A

2.  (a) Date of the judgment of conviction (if you know):  6-23-17

    (b) Date of sentencing:  6-23-17

3.  Length of sentence:  15 years

4.  In this case, were you convicted on more than one count or of more than one crime?  ☑ Yes   ☐ No

5.  Identify all crimes of which you were convicted and sentenced in this case:

    Unlawful Filing of Documents
    Grand Theft of A House

6.  (a) What was your plea? (Check one)

    ☑ (1)  Not guilty        ☐ (3)  Nolo contendere (no contest)

    ☐ (2)  Guilty            ☐ (4)  Insanity plea

AO 241 (Rev. 09/17)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

N/A

(c) If you went to trial, what kind of trial did you have? (Check one)

☑ Jury    ☐ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☑ Yes    ☐ No

8. Did you appeal from the judgment of conviction?

☑ Yes    ☐ No

9. If you did appeal, answer the following:

(a) Name of court: Fourth District Court of Appeals

(b) Docket or case number (if you know):

(c) Result: Did not issue an opinion

(d) Date of result (if you know):

(e) Citation to the case (if you know):

(f) Grounds raised: Speedy Trial Violation, Improper Charge, Illegal sentence, Judicial Bias, Sixth Amendment Violation for prohibiting the calling of witnesses and denial to face accuser

(g) Did you seek further review by a higher state court?    ☑ Yes    ☐ No

If yes, answer the following:

(1) Name of court: Florida Supreme Court

(2) Docket or case number (if you know):

(3) Result: Stated they didn't have jurisdiction if the 4th D.C.A. didn't issue an opinion

AO 241 (Rev. 09/17)

(4) Date of result (if you know): _____

(5) Citation to the case (if you know): _____

(6) Grounds raised: _____

N/A

(h) Did you file a petition for certiorari in the United States Supreme Court?    ☐ Yes    ☑ No

If yes, answer the following:

(1) Docket or case number (if you know): _____

(2) Result: _____

(3) Date of result (if you know): _____

(4) Citation to the case (if you know): _____

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?    ☑ Yes    ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

(a)  (1) Name of court:  17th Judicial Circuit Court In Broward County

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding:  Motion For Post-Conviction Relief

(5) Grounds raised:  6th Amendment Violation being deprived of the opportunity to face my accuser

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☑ No

(7) Result: _____

AO 241 (Rev. 09/17)

(8) Date of result (if you know): _____

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☐ No

(7) Result: _____

(8) Date of result (if you know): _____

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

AO 241 (Rev. 09/17)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☐ No

(7) Result: _____

(8) Date of result (if you know): _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:    ☐ Yes    ☐ No

(2) Second petition:    ☐ Yes    ☐ No

(3) Third petition:    ☐ Yes    ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

_____

_____

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:**    IMPROPER CHARGE AS CONTINUING OFFENSE

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The State erroneously charged me with Grand Theft of A House and Stated the theft occurred between January 1, 2015 through September 2016 and gave no specific date the house was Stolen and the house was never moved from it's foundation nor was it taken by me to Constitute theft of any kind. This was a foreclosure action that I stopped the eviction and was charged.

(b) If you did not exhaust your state remedies on Ground One, explain why:    _____

_____

_____

_____

_____

AO 241 (Rev. 09/17)

(c)     **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?          ☑ Yes          ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

**(d) Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes          ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _Motion For Post-Conviction Relief_

Name and location of the court where the motion or petition was filed: _17th Jdicial Circuit In_

_Broward County_

Docket or case number (if you know): _17-14CF10A_

Date of the court's decision: _The State Court has refused to even acknowledge the motion_

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion or petition?                                     ☐ Yes          ☑ No

(4) Did you appeal from the denial of your motion or petition?                             ☐ Yes          ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes          ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____

AO 241 (Rev. 09/17)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have

used to exhaust your state remedies on Ground One: _____

_____

**GROUND TWO:** Sixth Amendment Violation To Face My Accuser And Call Witnesses On My Behalf

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Detective John Calabro filed these bogus charges against me and was the only person that accused me of this crime. When the State Attorneys found out what I was going to ask him on the witness stand and expose what he had done criminally, they refused to call him to the witness stand so that I could cross examine him. I orally moved for Judgment of Acquittal because none of the other witnesses accused me of a crime. The owner of the house and the Bank both testified they never made a Complaint against me and that the case was a foreclosure and not criminal.

(b) If you did not exhaust your state remedies on Ground Two, explain why: _____

_____

_____

_____

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?  ☑ Yes   ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Motion For Post Conviction Relief

Name and location of the court where the motion or petition was filed: 17th Judicial Circuit Court In Broward County

_____

Docket or case number (if you know): 17-14CF10A

AO 241 (Rev. 09/17)

Date of the court's decision: *State court has refused to acknowledge the motion.*

Result (attach a copy of the court's opinion or order, if available): _____

| | | | |
|---|---|---|---|
| (3) Did you receive a hearing on your motion or petition? | ☐ Yes | ☑ No |
| (4) Did you appeal from the denial of your motion or petition? | ☐ Yes | ☐ No |
| (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? | ☐ Yes | ☐ No |

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

(e)  **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two : _____

**GROUND THREE:**  *Sentencing Disparity*

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

*The co-defendant who resided in the house for 8 years who was also charged with grand theft of the house and 10 other felony charges got sentenced to no jail time and 5 years probation while I was sentenced to 15 years for a crime that never happened.*

AO 241 (Rev. 09/17)

(b) If you did not exhaust your state remedies on Ground Three, explain why:

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?        ☑ Yes        ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes        ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _Motion for Post-Conviction Relief_

Name and location of the court where the motion or petition was filed: _17th Judicial Circuit Court In Broward County (See Exhibit I)_

Docket or case number (if you know): _17-14CF10A_

Date of the court's decision: _State Court has refused to acknowledge the motion_

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?        ☐ Yes        ☑ No

(4) Did you appeal from the denial of your motion or petition?        ☐ Yes        ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?        ☐ Yes        ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

AO 241 (Rev. 09/17)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Three:    _____

_____

_____

**GROUND FOUR:**    Speedy Trial Violation

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The State refused my speedy trial right and stated on the
record that they would not give me any discovery information
if I did not withdraw my speedy trial demand. Under duress
and coercion I was forced to withdraw my speedy trial demand
in order to receive the discovery.

_____

(b) If you did not exhaust your state remedies on Ground Four, explain why:    _____

_____

_____

_____

(c)    **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☑ Yes    ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:    _____

_____

_____

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:    Motion For Post-Conviction Relief

AO 241 (Rev. 09/17)

Name and location of the court where the motion or petition was filed: *17th Judicial Circuit Court In Broward County*

Docket or case number (if you know): *17-14CF10A*

Date of the court's decision: *State Court has refused to acknowledge the motion.*

Result (attach a copy of the court's opinion or order, if available): *(See Exhibit 2)*

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☑ No

(4) Did you appeal from the denial of your motion or petition? ☐ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:

AO 241 (Rev. 09/17)

13.   Please answer these additional questions about the petition you are filing:

    (a)   Have all grounds for relief that you have raised in this petition been presented to the highest state court

        having jurisdiction?    ☐ Yes    ☑ No

        If your answer is "No," state which grounds have not been so presented and give your reason(s) for not

        presenting them:    The Florida Supreme Court stated they had no
        jurisdiction over a case that the appeals court didn't
        issue an opinion.

    (b)   Is there any ground in this petition that has not been presented in some state or federal court? If so, which

        ground or grounds have not been presented, and state your reasons for not presenting them:

14.   Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction

    that you challenge in this petition?    ☐ Yes    ☑ No

    If "Yes," state the name and  location of the court, the docket or case number, the type of proceeding, the issues

    raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy

    of any court opinion or order, if available.

15.   Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for

    the judgment you are challenging?    ☐ Yes    ☑ No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues

    raised.

AO 241 (Rev. 09/17)

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing:    *Pro Se*

(b) At arraignment and plea:    *Pro Se*

(c) At trial:    *Pro Se*

(d) At sentencing:    *Pro Se*

(e) On appeal:    *Jeffrey Anderson*

(f) In any post-conviction proceeding:    *Pro Se*

(g) On appeal from any ruling against you in a post-conviction proceeding:    *Pro Se*

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?    ☑ Yes    ☐ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:
*U.S. District Court, State of Hawaii*

(b) Give the date the other sentence was imposed:    *October 26, 2020*
(c) Give the length of the other sentence:    *20 years to run consecutive to 15 years*
(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?    ☑ Yes    ☐ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

AO 241 (Rev. 09/17)

GROUND FIVE: ORIGINAL INITIAL BRIEF FILED PRO SE WAS FILED INCORRECTLY BY CLERK AND DISREGARDED BY FOURTH DISTRICT COURT OF APPEAL

I timely filed my Initial Brief and it was incorrectly filed by the clerk as a regular document and delayed the appeal over a year and never answered by the State. I was then assigned an appeal attorney who refiled a brief without the pertinent grounds I had in my original Initial Brief which I advised to be placed in the appeal. The Initial Brief I filed was never answered by the State and therefore, the conviction should have been vacated because the State failed to file an answer in the alloted time mandated by the appellate rules.

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

(A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241 (Rev. 09/17)

(2)     The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:  *Vacate and Set aside Conviction, Expunge Felony Charges from petitioner's record and release petitioner from Custody of the Florida Dept. of Corrections immediately.*

or any other relief to which petitioner may be entitled.

_____

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on     *5-20-21*     (month, date, year).

Executed (signed) on     *5-20-21*     (date).

_____

Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

_____

_____

_____

_____

EXHIBIT "1"

Anthony T. Williams
c/o Common Law Office of America
P.O. BOX 62985
Ewa Beach, Hawaii 96706-2645

STATE OF FLORIDA                    CASE NO. 17000074CF10A

vs.

ANTHONY WILLIAMS

## MOTION FOR POST-CONVICTION RELIEF

COMES NOW, the defendant by the undersigned common law counsel, who is a servant of the Most High Yahweh Elohim Yahshua and files this Motion For Post-Conviction Relief pursuant to Florida Rules of Criminal Procedure Rule 3.850. In support of this motion the undersigned states the following facts:

I. THERE WAS NO GRAND THEFT OR UNLAWFUL FILING OF DOCUMENTS COMMITTED

1. The instant case was a foreclosure case that the undersigned was hired by William Hatchett (hereinafter "Hatchett") to fight the foreclosure and prevent him and his family from being evicted.

2. The documents filed on Hatchett's behalf were the same documents that the undersigned had filed for Ms. Donna Hickenbottom and many other clients in Broward county and none of those clients were charged with Grand Theft and Unlawful Filing of documents like the undersigned and Hatchett was.

3. Bank of America (hereinafter "BOA")who had an interest in the property never filed a complaint against the undersigned nor Hatchett because the documents filed were only filed to stop the foreclosure to afford the homeowner the requisite trial by jury, as mandated by the Seventh Amendment before they can be evicted from their home.

4. Even though Hatchett did not own the home, as all others who are in foreclosure, he still had a constitutional right to a trial by jury, before he could be evicted and this is what the undersigned was fighting for to get Hatchett time to have a trial by jury, before he could be evicted.

5. None of the documents filed constituted grand theft of a house, nor did the documents delay the bank from being issued the Certificate of Title because the Certificate of Title was already issued BEFORE the undersigned got involved and filed the documents to fight the foreclosure.

6. Even though the documents were filed by Hatchett and Hickenbottom, BOA evicted Hatchett and obtained physical possession of the property in October 2016, while the undersigned was incarcerated for a traffic ticket and there was no justifiable reason to file bogus grand theft charges THREE (3) MONTHS AFTER Bank of America already had physical possession of the house.

7. At no time was the property ever grand theft, neither was the title at any time transferred from BOA to Hatchett or MEI.

8. At no time after BOA obtained physical possession of the property did they file a civil or criminal complaint against Hatchett nor the undersigned.

9. At trial, the BOA's representative and the attorney, both stated that there never was a complaint filed by BOA against Hatchett nor the undersigned for grand theft or unlawful filing of documents. (See Trial Transcripts)

10. On December 29, 2016, THREE MONTHS AFTER Hatchett was evicted from the property, he and the undersigned were charged and arrested for grand theft of the house by Detective John Calabro (hereinafter "Calabro") with no complaint filed by BOA.

11. Calabro had a personal vendetta against the undersigned and had these false charges filed against the undersigned before the undersigned was due to be released in two (2) weeks from the previous incarceration of unlicensed practice of law.

12. None of the other clients whom the undersigned filed the same documents in Broward County to fight their foreclosure were charged with grand theft or unlawful filing of documents like Hatchett and the undersigned were.

13. If the undersigned had truly committed grand theft of BOA's property, then the undersigned would have been charged for grand theft of all the other properties owned by numerous other banks that the undersigned was fighting for, on behalf of other clients from foreclosure.

II. THE UNDERSIGNED WAS DENIED HIS SIXTH AMENDMENT RIGHT TO FACE HIS ACCUSER

14. No one from BOA filed a complaint against Hatchett nor the undersigned before the charges were filed nor did they accuse the undersigned nor Hatchett for grand theft or unlawful filing of documents at trial.

15. Calabro on his own, without a complaint from BOA or Your Angel, filed these false charges of grand theft and unlawful filing of documents.

16. Calabro was the ONLY PERSON who had accused the undersigned and Hatchett of grand theft and unlawful filing of documents.

17. Calabro was listed as a witness by the prosecutors that would be called to testify against the undersigned, to prove that the undersigned had committed these crimes.

18. The prosecutors rested their case without calling Calabro to the witness stand to testify against the undersigned.

19. The prosecutors were unlawfully given the questions that the undersigned intended to ask Calabro on the witness stand, by then, standby counsel Kristie Cohen, prompted the prosecutors to refuse to call Calabro to testify at trial.

20. The reason the prosecutors did not want Calabro to testify on the witness stand was because they knew the undersigned would have proven that Calabro had a personal vendetta against the undersigned by presenting to the jury approximately 15 to 20 felony charges that Calabro had previously charged the undersigned with that the undersigned got dropped or dismissed.

21. By failing to call Calabro to the witness stand, the prosecutors deprived the undersigned of his constitutional right to face his accuser.

22. Calabro was the ONLY PERSON that filed the complaint against the undersigned and therefore, the undersigned had the right to face Calabro at trial and was deprived of that right by the prosecution of not calling him to the witness stand and the court allowing the prosecutors to not call Calabro who filed the complaint against the undersigned.

III. THE SENTENCE OF 15 YEARS IN PRISON FOLLOWED BY 15 YEARS PROBATION WAS EXCESSIVE AND ILLEGAL

23. The prosecution by the use of intimidation, coerced the undersigned's co-defendant Hatchett, who was the tenant and possessor of the property from 2008 to 2016, agree to testify that he did not know about any of the documents that the undersigned drafted which he and Hickenbottom filed.

24. Hatchett was promised by his attorney and the prosecution that if he testified that he knew nothing of the documents filed and that he did not authorize them, that he would get little to no time or even with no probation.

25. Approximately 2 weeks before trial, the undersigned was notified that his co-defendant Hatchett, was now a witness for the state, even though he had been charged with the same charges that the undersigned was charged with, plus NINE (9) other felony charges.

26. After the unlawful conviction at trial, the undersigned's co-defendant Hatchett got probation and went home unscathed and a free man, even though he had a prior criminal records and he was the reason the prosecution targeted because they knew they could coerce him because of his record.

27. The undersigned did not have a criminal record, with the exception of the recent unlawful conviction for unlicensed practice of law, which is not a criminal charge on the Florida Criminal Punishment Code, but a civil charge.

28. The conviction, in essence, was the first felony conviction that the undersigned had been convicted of, in the State of Florida.

29. The sentence given to the undersigned was practically a life sentence of thirty (30) years for a crime that never transpired and that was never committed.

30. Murders, rapist and armed robbers have received shorter sentences than the sentence that was given to the undersigned. (Example: A child molester that was convicted in Florida got a five year probation sentence and a female cop who murdered an African American man in his home in another state, got only a 10 year prison sentence.)

31. There was no victim in this case as evidence by BOA never filing a complaint and BOA having possession of the property, THREE (3) MONTHS BEFORE the undersigned was charged by Calabro.

32. The undersigned's sentence was retaliatory against the undersigned for exposing the corruption of many judges in Florida, who were and still are facilitating the unlawful and illegal foreclosures in the State of Florida.

33. As of the date of this motion, the undersigned has spent three (3) years in prison for a crime of grand theft and unlawful filing of documents that never occurred.

34. The undersigned is now facing federal charges in Hawaii for the same business conduct of fighting illegal foreclosures and if convicted could be sentenced to an additional twenty (20) years in federal prison.



35. The Federal sentence would not be run concurrent to the present state charges but would be ran consecutive.

36. This would constitute 35 years in prison for simply fighting foreclosures on behalf of clients who were never defrauded, harmed or made a complaint against the undersigned.

37. In any of the state or federal charges, there were no complaints by any clients, consumers or businesses but all complaints were filed by law enforcement officers, who had a personal vendetta against the undersigned for his activism against corruption in the law enforcement agencies and the judicial system.

38. The undersigned's co-defendant Hatchett, who had a total of eleven (11) felony charges in contrast to the two (2) felony charges the undersigned was charged with, was given probation and has not done any time in prison for his convictions.

39. The undersigned has been subjected to a thirty (30) year prison sentence only because members of the judicial system and law enforcement agencies feelings have been hurt and some have been exposed and embarrassed on some of the you tube videos posted by the undersigned and therefore the excessive sentence was malicious and retaliatory.

40. The thirty (30) year sentences (15 years prison, and 15 years probation) is excessive, illegal, unwarranted and retaliatory and should be vacated.

CONCLUSION

WHEREFORE, based on the foregoing facts, the thirty (30) year sentence should be vacated and the conviction overturned or in the alternative the three (3) years that the undersigned has done, should be time served in light of the fact that no crime of grand theft or unlawful filings of documents were ever committed by the undersigned. The fact that the undersigned's co-defendant did not spend one day in prison, as a result of his conviction, is a factual evidence that the undersigned has not committed any crime.

Executed this 29th, day of March, 2021.

Righteously submitted,

/s/Anthony T. Williams
Private Attorney General
Counsel to the Poor (Psalms 14:6)
Common Law Counsel (First Judiciary Act of 1789, section §35)

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was furnished by US Mail to the
following recipient(s):

State Attorney's Office
201 S.E. 6th Street
Ft. Lauderdale, FL 33301

On the 29th,day of March, 2020.

/s/Anthony T. Williams
Private Attorney General
Counsel to the Poor (Psalms 14:6)
Common Law Counsel (First Judiciary Act of 1789, section §35)

EXHIBIT "2"

Exhibit 2

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com

Fort Lauderdale FL 33301

| Certified Mail Fee | $3.60 |
|---|---|
| Extra Services & Fees (check box, add fee as appropriate) | |
| ☐ Return Receipt (hardcopy) | $ |
| ☐ Return Receipt (electronic) | $ |
| ☐ Certified Mail Restricted Delivery | $ |
| ☐ Adult Signature Required | $ |
| ☐ Adult Signature Restricted Delivery | $ |
| Postage | $1.20 |
| Total Postage and Fees | $7.65 |

Postmark

03/29/2021

MAR 29 2021

Sent To 17th Judicial Circuit of Florida
Street and Apt. No., or PO Box No. 201 S. E. 6th Street
City, State, ZIP+4 Ft Lauderdale, Florida 33301

PS Form 3800, April 2015 PSN 7530-02-000-9047     See Reverse for Instructions

---

PS Form 3811, July 2015 PSN 7530-02-000-9053    Domestic Return Receipt

9590 9402 5043 9092 5495 18

2. Article Number (Transfer from service label)
7019 0700 0001 5047 7950

1. Article Addressed to:
17th Judicial Circuit of Florida
201 S. E. 6th Street
Ft Lauderdale, Florida 33301

**SENDER: COMPLETE THIS SECTION**
■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**
A. Signature
X ☐ Agent ☐ Addressee
B. Received by (Printed Name)    C. Date of Delivery
D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

---



EWA BEACH
91-760 PAPIPI RD
EWA BEACH, HI 96706-9998
(800)275-8777

03/29/2021                              04:21 PM
-------------------------------------------------
Product            Qty    Unit      Price
                          Price
-------------------------------------------------
First-Class Mail®   1               $1.20
Large Envelope
    Fort Lauderdale, FL  33301
    Weight: 0 lb 1.70 oz
    Estimated Delivery Date
        Sat 04/03/2021   Verified received
    Certified Mail®                 $3.60
    Tracking #:  4/12/21 @ 12:12pm
        70190700000150477967
    Return Receipt                  $2.85
    Tracking #:
        9590 9402 5043 9092 5495 01
Total                               $7.65

First-Class Mail®   1               $1.20
Large Envelope
    Fort Lauderdale, FL  33301
    Weight: 0 lb 1.80 oz
    Estimated Delivery Date
        Sat 04/03/2021   Verified received
    Certified Mail®                 $3.60
    Tracking #:  4/8/21 @ 12:05pm
        70190700000150477950
    Return Receipt                  $2.85
    Tracking #:
        9590 9402 5043 9092 5495 18
Total                               $7.65

First-Class Mail®   1               $2.00
Large Envelope
    Miami, FL  33178
    Weight: 0 lb 5.70 oz
    Estimated Delivery Date
        Sat 04/03/2021
-------------------------------------------------
Grand Total:                       $17.30
-------------------------------------------------
Debit Card Remitted                $17.30
    Card Name: MasterCard
    Account #: XXXXXXXXXXXX0036
    Approval #: 234465
    Transaction #: 849
    Receipt #: 034465
    Debit Card Purchase: $17.30
    AID: A0000000042203          Chip



**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

Fort Lauderdale, FL 3330

| Certified Mail Fee | $3.60 |
| --- | --- |

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)    $
☐ Return Receipt (electronic)    $ $0.00
☐ Certified Mail Restricted Delivery  $ $0.00
☐ Adult Signature Required    $ $0.00
☐ Adult Signature Restricted Delivery $

Postmark
Here

MAR 29 2021

| Postage | $1.20 |
| --- | --- |

03/29/202

| Total Postage and Fees | $7.65 |
| --- | --- |

Sent To  State Attorney's Office
Street and Apt. No., or PO Box No.  17th Judicial Circuit Court of Florida
City, State, ZIP+4®  201 S.E. 6th St.; Ft. Lauderdale, FL 33301

7019 0700 0001 5047 7967

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

State Attorney's Office
17th Judicial Ciraint Court
of Florida
201 S.E. 6th street
Fort Lauderdale, Florida 33301

9590 9402 5043 9092 5495 01

2. Article Number *(Transfer from service label)*
7019 0700 0001 5047 7967

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____    APO
☐ Agent
☐ Addressee

B. Received by *(Printed Name)*    C. Date of Delivery
R. Alferez    4/1/21

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
*(over $500)*

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053    Domestic Return Receipt



PRIORITY MAIL

VISIT US AT USPS.COM®
United States
Postal Service®
Label 106A, Nov 2018

United States
Postal Service®

U.S. POSTAGE PAID
PM 3-DAY
EWA BEACH, HI
96706
JUN 01, 21
AMOUNT

**$16.35**

R2305H129124-05

1006          34475

CERTIFIED MAIL®

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

7018 0680 0001 2346 1038

United States Middle District Court
207 N. W. Second Street, Ste. 337
Ocala, Florida  34475

SCREENED
By USMS

RETURN RECEIPT
REQUESTED

Anthony T. Wiliams
Sumter Correctional Institution
Florida Department of Corrections
DC#: I50147
9544 Country Road 476B
Bushnell, Florida  33613-0667



PRIORITY MAIL
TRACKED
INSURED